# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YOLANDA A. ALEXANDER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-11-859 |
| MV TRANSPORTATION | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

The above-captioned case was filed on April 1, 2011, together with a motion to proceed in forma pauperis. Because she appears to be indigent, plaintiff's motion shall be granted.

The complaint consists of one paragraph claiming defendant has denied plaintiff wages equal to those paid to her male counterparts under similar working conditions and that her hours were reduced. ECF No. 1. She seeks sixteen million dollars in damages.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 569. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 547.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a

short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Moreover, each "averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 555).

      The instant complaint does not comply with the requirements noted above.  Plaintiff will be provided an opportunity to supplement the complaint with a full statement of facts, including names of individuals involved and the dates of the actions described.  She is forewarned that failure to supplement the complaint will result in dismissal of the complaint without further notice and without prejudice.  A separate order follows.

  __April 8, 2011_____                ___/s/_____
Date                                                J. Frederick Motz
                                                           United States District Judge